O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, Northwest District
Van Nuys, No. 12 B 04571

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNET DOMAN, LLC, as Trustee for Longridge Trust dated 7/2/12,<br><br>          Plaintiff,<br><br>     v.<br><br>SAM AINTABLIAN; RIMA MELIKYAN,<br><br>          Defendants. | Case No. CV 12-08800 DDP (PLAx)<br><br>**ORDER TO REMAND** |

   Presently before the court is Defendants' Petition for Removal. Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court." Here, Plaintiff posted a "Notice to Quit" on Defendants' front door and "on or around August 3, 2012, filed a complaint for Unlawful Detainer." Notice of Removal at ¶

1  5, and Exh. A. The First Amended Complaint was filed on August 7,
2  2012. Id.  Defendants filed their Notice of Removal on October 15,
3  2012, more than 30 days later.  The Removal was therefore untimely.
4       The court also notes that the First Amended Complaint's only
5  cause of action is unlawful detainer for an amount that does not
6  exceed $10,000.  A defendant may remove to federal court "any civil
7  action brought in a State court of which the district courts of the
8  United States have original jurisdiction . . . ."  28 U.S.C. §
9  1441(a). District courts have original jurisdiction over "all civil
10 actions arising under the Constitution, laws, or treaties of the
11 United States.  28 U.S.C. § 1331.  The removal statute is strictly
12 construed against removal jurisdiction, and federal jurisdiction
13 must be rejected if any doubt exists as to the propriety of
14 removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).
15 A removing defendant always bears the burden of establishing that
16 removal is proper.  Id.
17      No federal question appears from the face of the complaint.
18 Defendants appear to assert that this case implicates federal
19 questions because they have a defenses under the Real Estate
20 Settlement Procedures Act, the Truth in Lending Act, federal
21 national banking laws, and other federal laws.  Notice of Removal
22 at 2. "Under the longstanding well-pleaded complaint rule, however,
23 a suit 'arises under' federal law only when the plaintiff's
24 statement of his own cause of action shows that it is based upon
25 federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009)
26 (quotation, citation, and alteration omitted).  "Federal law"
27 cannot be predicated on a defense or counterclaim.  Id.
28

1    This court also has original diversity jurisdiction over
2 actions between different states where the amount in controversy
3 exceeds $75,000.  28 U.S.C. 1332(a).  It is unclear whether the
4 parties in this case are diverse.  In addition, the amount in
5 controversy requirement is not met here.  First, the face of
6 Plaintiff's complaint alleges on its face an amount in controversy
7 less than $10,000.  Under such circumstances, Defendants must show
8 to a "legal certainty" that the jurisdictional minimum is met.
9 <u>Guglielmino v. McKee Foods Corp.</u>, 5056 F.3d 696, 699 (9th Cir.
10 2007).  Defendants have not made such a showing.  In unlawful
11 detainer cases, however, only the right to possession is at issue,
12 not right to title.  See <u>Litton Loan Servicing, L.P. v. Villegas</u>,
13 No. C 10-05478 PJH, 2011 WL 204322 at *2 (N.D. Cal. January 21,
14 2011).  The measure of damages, therefore, is the amount sought in
15 the complaint, not the value of the property. <u>Bank of America v.</u>
16 <u>Chishty</u>, No. CV 12-02252 MMM, 2012 WL 1952834 at *2 (C.D. Cal. May
17 31, 2012).  Because the amount in controversy here does not exceed
18 $75,000, diversity jurisdiction is lacking, and removal would
19 therefore be improper, even if the Parties are diverse and even if
20 the Notice had been timely filed.
21    For these reasons, the court REMANDS the action to state
22 court.
23 IT IS SO ORDERED.

Dated: November 14, 2012

DEAN D. PREGERSON
United States District Judge

3